**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| RINANDO T. TUCKER | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 06 - 998 - GPM |
| | ) |
| MIKE ATCHISON, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On October 20, 1997, a jury in St. Clair County, Illinois, found Rinando Tucker guilty of the murders of Martin and Judith Dotson. The trial court sentenced Mr. Tucker to natural life in prison. Mr. Tucker, with the assistance of counsel, appealed the conviction and sentence. On November 3, 2001, the Illinois Court of Appeals affirmed the conviction. Mr. Tucker filed a Petition for Leave to Appeal ("PLA") urging the Illinois Supreme Court to reverse the appellate court's findings. However, the Illinois Supreme Court summarily denied Mr. Tucker's PLA on January 29, 2001.

Mr. Tucker filed a *pro se* petition for post-conviction relief on October 25, 2000. With the assistance of counsel, Mr. Tucker filed several amended petitions for post-conviction relief. The trial court ultimately held a hearing on the merits of the operative petition for post-conviction relief and subsequently denied the petition. Mr. Tucker appealed and the Illinois Court of Appeals affirmed the trial court. The Supreme Court of Illinois affirmed.

On August 6, 2006, Mr. Tucker filed a petition for relief from judgment pursuant to 735 ILCS 5/2-1401, claiming his conviction and sentence were void. The trial court denied the petition. Once again, the Illinois Court of Appeals and Illinois Supreme Court affirmed the trial court.

In 2006, Mr. Tucker filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, asking the Court to discharge him from his conviction and sentence. On May 16, 2007, this Court granted Mr. Tucker's motion for stay and abeyance to allow Mr. Tucker to fully exhaust additional claims pending in the Illinois Court of Appeals. The stay was lifted on June 2, 2009, and Mr. Tucker was granted leave to file an amended petition. Accordingly, Mr. Tucker filed the amended petition and Respondent timely answered.

Mr. Tucker's petition raised seventeen grounds for relief. The Court found seven of Mr. Tucker's claims were procedurally defaulted. The Court further found two of Mr. Tucker's claims were non-cognizable under 28 U.S.C. § 2254. The Court denied Mr. Tucker's remaining eight claims for relief on their merits..

On April 2, 2012, Mr. Tucker filed a notice of appeal and contemporaneous request for a certificate of appealability pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253. Accordingly, Mr. Tucker's certificate of appealability is the matter now before the Court. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See also Young v. United States,* 124 F.3d 794, 798-99 (7th Cir. 1997); *Nunez v. United States,* 96 F.3d 990, 991-92 (7th Cir. 1996). "A petitioner makes a substantial showing where reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Sandoval v. United States,* 574 F.3d 847, 852 (7th Cir. 2009), *quoting Arredondo v. Huibreqtse,* 542 F.3d 1155, 1165 (7th Cir. 2008).

For the reasons set forth in the Court's March 2, 2012 Order (*See* Doc. 41), Mr. Tucker has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court

**DECLINES** to issue a certificate of appealability. Pursuant to Federal Rule of Appellate Procedure 22(b), Mr. Tucker may renew his request for a certificate of appealability to the Court of Appeals for the Seventh Circuit.

Next, this Court must address Mr. Tucker's motion to appoint counsel (Doc. 48). This motion is **DENIED**. Mr. Tucker's motion to appoint counsel (Doc. 48) should be filed with the Court of Appeals for the Seventh Circuit.

Finally, the Court must consider Mr. Tucker's application for leave to proceed *in forma pauperis* on appeal. The declaration supporting Mr. Tucker's application to proceed *in forma pauperis* contains the requisite information and reveals he is incarcerated at Menard Correctional Center. It is clear from the papers that Mr. Tucker is indigent within the meaning of 28 U.S.C. § 1915. Despite having declined to issue a certificate of appealability, the Court cannot find Mr. Tucker's request for review is not taken in good faith. *See Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000) (explaining that the standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is taken in good faith for purposes of proceeding *in forma pauperis* on appeal). Accordingly, Mr. Tucker's motion to proceed *in forma pauperis* on appeal (Doc. 48 ) **GRANTED** .[1]

**IT IS SO ORDERED**.

DATED: April 19, 2012        /s/ *G. Patrick Murphy*
                             G. PATRICK MURPHY
                             United States District Judge

---

1. This is a collateral action attacking Mr. Tucker's underlying conviction and sentence, thus the filing fee provisions of 28 U.S.C. § 1915(b) do not apply. *See generally Walker v. O'Brien*, 216 F.3d 626, 628-29 (7th Cir. 2000) (holding that the Prison Litigation Reform Act does not apply to any requests for collateral relief under 28 U.S.C. §§ 2241, 2254, or 2255).